## Declaration of Truth

I, Daniel L. Rogers, the undersigned, make this Declaration of Truth of my own free will. I hereby affirm, under the laws of the United States of America and of this state, that I am of legal age and sound mind, and I hereby attest that the statements, averments, and information outlined in this Declaration of Truth are true and correct to the best of my knowledge.

I have lived in Potter County for 28 years and have served as the GOP Potter County Chairman since 2018, winning each election. I am a businessman engaged in real estate, cattle ranching, and political consulting. In performing my elected and private duties, I regularly interact with my constituents, many private citizens, and public officials in Potter County and nationwide.

Through these conversations, I have become aware that many people are uncomfortable with electronic voting and are dissuaded from voting. They frequently encounter data breaches in their daily lives, involving healthcare entities, large banks and financial institutions, social media platforms, gaming companies, credit bureaus, and even Google Fi and Microsoft.

Additionally, they know that the computers used for voting are not compliant with the law. The "Lost Votes" video (https://rumble.com/v260c9a-election-machines-are-not-certified.html) explains why people lack confidence in these computers. Most people also do not understand how these computers work.

I believe that voter participation would improve if we could conduct our elections on paper, at the precinct level, with a tabulator and spot-checked hand recounts. This would enhance transparency and confidence. Democrats, Republicans, and especially Independents I talk to feel this way.

Texas law allows county parties to conduct primary elections.

In Texas, the ability for county political parties to run their own primary election is established in the Texas Election Code. The Texas Election Code provides guidelines and regulations for conducting primary elections, including the roles and responsibilities of county political parties. Relevant sections include:

1. Texas Election Code Title 10, Chapter 172: This chapter outlines the procedures for conducting primary elections. It specifies that primary elections are the responsibility of the party's county executive committee (CEC).

2. Section 172.002: "Primary Election Required" states that each political party holding a primary election must conduct it per the Texas Election Code.

3. Section 172.111: This section outlines the duties of the county chair, who is responsible for conducting the primary election in cooperation with the county executive committee and ensuring it is conducted properly.

4. Section 172.118: This section provides that the county executive committee is responsible for canvassing the returns of the primary election.

Due to my constituents' concerns and the unanimous agreement of my precinct chairs, who comprise the Executive Committee of the Potter County Republican Party, we decided to return to tangible paper ballots for our 2022 primary to restore voter confidence. We offered to collaborate with the Democratic Party for a joint primary, but they refused, forcing us to hold a separate primary using separate polling locations. My CEC chose to run our county party elections for the 2022 primary with hand-marked paper ballots that could be easily audited and transparently produce certifiable results.

We wanted to show that a simple, verifiable election could be held that voters could have confidence in, as allowed by the Texas Election Code. Our main reason for wanting to do so is that there is no ballot under computer voting, it could not be audited, and no elected person could prove they won an election. I was shocked that I faced opposition from the Potter County Judge, Commissioners, and Texas Secretary of State officials. I soon learned that the rules under the County Wide Polling Place Program created by the SOS prevented us from running an election under Texas law that the party was entitled to run due to the commissioners choosing to participate in the SOS's County Wide Voting Program. After a long meeting the SOS told me was recorded, with the Attorneys of the Secretary of State, our County Attorneys, and several RPT attorneys, they informed me of many rules and regulations they had instituted to ensure that no party would attempt their primary. They would not allow us to handle early voting, refused to allow us to use tabulators to count, would not allow us to canvass, and forced us to hand-count. Hand-counting rules were onerous, with no break allowed no ability to record with a camera, no worker to leave or come into the room, no cell phones allowed, and no ability to stop once we start, which could take up to 30 hours per location depending on how many counting teams we had and the number of votes in a precinct. Additionally, I asked the SOS why they are violating HAVA and how they get by with it. When I pointed out that section 301 allows various systems, a paper system is required to verify the ballots. They seemed aware of the rules but did not seem concerned that Texas was not following Federal Law. Christina Adkins, the head attorney for the SOS, asked me at the end of the multi-hour conversation. "Are you intimidated yet? I flippantly answered. "Absolutely, can't you hear the trembling in my voice?" However, I was not deterred. I had no fear because I believed we had reasonable commissioners who ran as Republicans on our Commissioners Court and, "thought" I would go to our commissioner's court; they would want to allow us to run the primary. They would vote to get out of the County Wide Polling Place Program as they surely would be on board with moving to a locally run vs. state-run election. My CEC proposed a resolution that passed unanimously, and we put it on the agenda of the commissioner's court so we could run our primary properly and effectively.

Below is the resolution asking our commissioner's court to withdraw from the county-wide polling place program for 2022 so we can effectively run our 2022 primary.

# Resolution to the Potter County Commissioners Court requesting the court to do their constitutional duty to the voters by taking charge of our local election process by providing voters with a simple, cost-effective, and transparent voting system.
# Immediately.

Whereas: Voters are overwhelmingly opposed to the use of electronic voting devices. (This information is based on physically canvassed areas of Potter County when signatures were obtained for the Tax Note Ordinance petition and were asked about our current voting system.)

Whereas: Electronic voting machines are expensive.
*Per Election Code Sec 1.014, The County Commissioners Court are responsible to "Approve payment of expenses for election."*

Whereas: Electronic voting machines are complex.
*Per Election Code Sec. 123.001 et seq., The County Commissioners Court are "Required to adopt a voting system."*

Whereas: Citizens of Potter County demand to return to precinct voting
*Per Election Code Sec. 42.001-42.064, The County Commissioners Court are responsible for "formation of election precincts."*

Whereas: Citizens of Potter County demand to vote on "hand-marked, self-authenticated, tangible ballots that can be verified."

Whereas: Voters demand manual poll books as to which, we can ascertain who voted and the number of real individuals who voted.

Whereas: Voters of Potter County want total and unequivocal transparency in our election process.

Whereas: Voters of Potter County demand the county to follow voter ID guidelines as specified in, "The Elections Code Title 6: Conductions of elections. Chapter 63
*Per Election Code Chapter 63, it is the duty of the County Commissioners for the "compliance with the voter ID law"*

Whereas: No candidate for elective office can prove to their opponent or to the voters that they won their race using electronic voting devices.

Whereas: No public official should be put in the position of approving a contract with a vendor that could, in any way, give the appearance of that vendor ensuring the outcome of a race; jeopardizing their trust with the voter. No voting system should be so designed as to question our elected official's integrity.

Therefore, it is requested that Potter County Commissioners Court immediately redact the central polling place program with the Secretary of State, reinstitute precinct voting, and adopt hand-marked, self-authenticated ballots, sequentially numbered, that can be verified for our 2022 election.

The Potter County Election Administrator shall implement the new, tangible ballot program and ballots shall be counted in the same manner as absentee ballots. All Absentee ballots shall have a specific serial number that can be tracked, and that serial number shall be on the return envelope issued by the Election Administrator and the ballot shall have a watermark to ensure the authenticity of the ballot cast.

Further, the Potter County Republican Party and its affiliated entities will circulate a petition to demonstrate the citizens of Potter County demand, "hand-marked, self-authenticated, tangible ballots that can be verified". We respectfully ask the Court to have the courage and honor to dispatch this request immediately, so you and our county will be regarded as the leaders who restored transparency and confidence to our election process in the former nation of Texas, now a state within the United States.

Passed unanimously this 12th Day of September 2022 by the Potter County Republican Party Executive Committee.

*[signature]*

Daniel L. Rogers, Chairman
Potter County Republican Party


CC: Jason Foglesong, Party Secretary
Potter County Republican Party
4217 SW 21st Avenue
Amarillo, TX 79106

4

Our concern was that the rules imposed by the Secretary of State prevented us from conducting an election that complied with federal and state law. During our presentation to the commissioner's court, we tried to convince our Republican County Judge and County Commissioners to opt out of the countywide polling program, which restricts how county parties may run their elections through administrative rules. Despite gaining support from some commissioners (I believe we had the three votes needed), The judge refused to allow a vote. She said, "We will take no action." I am not allowing a vote.   This forced us into the SOS rules regarding the County Wide Polling Place Program because she would not allow a vote, as all we wanted was to get out of that optional program put in place by the SOS for our 2022 primary. Subsequently, I discovered that the Potter County Judge had accepted $87,000 from the Center for Technology and Civic Life (CTCL or Zucker bucks) for the 2020 election. Additionally, the Election Administrator informed me that 4,000 Democrats were registered right before the 2020 election, which seemed suspicious as Texas does not register voters by party.  This occurred right after our County Judge received money from Zuckerberg.

Had I conducted the election as my constituents and CEC expected, we would have used hand-marked, self-authenticated, physical ballots, precinct-level voting, and a machine tabulation system for efficiency, with spot-checked hand counts for accuracy as required under the canvass in the Texas Constitution: This method would result in a certifiable and transparent election.

The Texas Election Code does not directly discuss county parties' canvassing of primary elections. However, the Texas Election Code provides detailed procedures and regulations for conducting and canvassing primary elections, including the responsibilities of county political parties.

**Relevant Sections in the Texas Election Code:**

1. **Texas Election Code Title 10, Chapter 172**: This chapter outlines the procedures for conducting primary elections and specifies that primary elections are the responsibility of the party's county executive committee (CEC).

2. **Section 172.111**: This section outlines the duties of the county chair, who is responsible for conducting the primary election in cooperation with the county executive committee. The county chair is tasked with ensuring the primary election is conducted properly.

3. **Section 172.118**: This section provides that the county executive committee is responsible for canvassing the returns of the primary election. It details the process for canvassing and the role of the county executive committee in certifying the election results.

While the Texas Constitution does not provide specific instructions regarding county parties' canvassing for primary elections, the Texas Election Code clearly outlines the responsibilities and procedures for county political parties in conducting and canvassing primary elections.

Some obstacles I encountered during the 2022 primary election included:

- The Secretary of State would not allow me to use their tabulation machines.
- Attempts to rent machines from Hart Intercivic and ES&S were unsuccessful.

5

- The Secretary of State forced me to hand-count the ballots, refusing our request to run paper ballots through scanners.

- Local media interviews revealed sabotage efforts by the County Judge and the Secretary of State.

- The Election Administrator confiscated manual rosters and refused to sanction manual counts for the 2022 primary.

- Resistance from the County Judge and Commissioners in opting out of the countywide polling program, influenced by the Secretary of State.

The Secretary of State has taken over our elections, which are no longer managed at the county level. Election Administrators (EAs), although funded by county taxpayers, are effectively advocates for and directed by the Secretary of State. This gives the false impression that elections are locally administered when they are not.

Additionally, the Secretary of State is not an elected position, meaning there is no accountability to voters or citizens. Similarly, county Election Administrators are not elected and thus not accountable to the voters. This misleads the public into believing their elections are decentralized and managed locally, but my experience shows otherwise. County employees essentially work for the Secretary of State.

In Potter County, by opting into the optional countywide polling program, the Secretary of State restricts county party chairs and precinct chairs to run primaries with precinct-level voting only on election day, not during early voting. The County Chair of each party is supposed to run, certify, and canvass the primaries. However, this responsibility has been delegated to the Election Administrator, who uses internet-connected computers.

The law mandates secret ballots, not computer-generated selections that cannot be verified. Furthermore, When I asked the Secretary of State's office how I, as a County Chair, could "canvass the vote," I was told that "canvass" is just an "administrative term."

I was interviewed multiple times on local TV and radio stations and national media outlets, but now nearly all my interviews have disappeared from the internet. I saw during an interview that had me, the County Judge, and Keith Ingram from the SOS in December of 2021 that made me aware of what was going to happen, so I pulled out of running our primary as I felt like I was going to be sabotaged on several levels. The SOS did not want me to have a transparent election and would go to great lengths to ensure it did not happen. I was confident that my workers would be infiltrated to create chaos, and Ingram said I would violate HAVA. I got the message.

In 2023, I spent hours canvassing citizens about their views on the current voting system, with 82% wanting a different system. I helped election integrity groups and presented to the County Commissioners, seeking their support to opt out of the countywide polling program. Despite 3 of our commissioners assuring me they were on board with our proposal, when we proposed our resolution for the 2024 primary, all 5 voted against allowing us to get out of the SOS program as they said they preferred convenience over transparency. In short, our commissioners lied to our local party.

The Resolution to opt out of the SOS County-Wide Polling Program for the 2024 election cycle is below.

## Resolution to the Potter County Commissioners Court

## October 2, 2023

Whereas Voters are overwhelmingly opposed to the use of electronic voting devices. (This information is based on physically canvassed areas of Potter County when signatures were obtained for the Tax Note Ordinance petition and were asked about our current voting system.)

Whereas voters were subjected to the current electronic system of printing the wrong name for a candidate in the 2022 General Election, it was not noticed until more than 5,000 people had voted, adding more concern that the machines are fallible.

Whereas the Voters of Potter County believe their ballot should be secret and the count should be public. The current system is the opposite of that.

Whereas Electronic voting machines are expensive.
Per Election Code Sec 1.014, The County Commissioners Court is responsible for "Approve payment of expenses for election."

Whereas Electronic voting machines are complex.
Per Election Code Sec. 123.001 et seq., The County Commissioners Court is "Required to adopt a voting system."

Whereas Citizens of Potter County wish to return to precinct voting.
Per Election Code Sec. 42.001-42.064, The County Commissioners Court is responsible for the "formation of election precincts."

Whereas Citizens of Potter County demand to vote on "hand-marked, self-authenticated, tangible ballots that can be verified." Further, as election officials, we cannot perform our duty to "Canvas the Vote."

Whereas Voters demand manual poll books to ascertain who voted and the number of verified individuals who voted.

Whereas Voters of Potter County want total and unequivocal transparency in our election process.

Whereas Potter County voters ask the county to follow voter ID guidelines specified in "The Elections Code Title 6: Conductions of elections. Chapter 63
Per Election Code Chapter 63, it is the duty of the County Commissioners to "compliance with the voter ID law."

Whereas no candidate for elective office can prove to their opponent or the voters that they won their race using electronic voting devices. Our concern is that should a voter file a suit against someone who won using electronic machines; there would be no way to prove in a court of law that someone won the race.

Whereas we have the counting system in place. We ask the same system to be used for all voters, not just absentee ballots, which are hand-marked, tangible ballots that can be verified. However, without a chain of custody, they are not "self-authenticated." This issue shall be addressed separately at the State level, as the legislature allows no chain of custody for absentee ballots. See below for our suggested remedy.

Whereas it is the responsibility and duty of the Commissioners Court to choose the election system in their county, not the Election Administrator. The Election Administrator's job is to implement the system the County Commissioners choose.

Whereas The Potter County Republican Party believes our elected officials may have liability in using machines deemed to be part of our "National Infrastructure" by President Obama using an executive order. However, when he did so, many believe he failed to follow Federal guidelines and regulations that would require stringent certification processes for electronic voting devices, which has not been done. Should this issue be argued in Federal court, we are concerned that all elections could be overturned. We want to protect Potter County and our elected officials from chaos should this occur.

Whereas no public official should be put in the position of approving a contract with a vendor that could, in any way, give the appearance of that vendor ensuring the outcome of a race, jeopardizing their trust with the voter. No voting system should be designed to question our elected official's integrity.

Therefore, it is requested that Potter County Commissioners Court immediately rescind the central polling place program with the Secretary of State, reinstitute precinct voting, and adopt hand-marked, self-authenticated, tangible ballots, sequentially numbered by precinct, that can be verified beginning with the 2024 primary election and all other elections from this date forward.

To minimize potential fraud with absentee ballots, the Potter County Election Administrator shall be directed by the Commissioners Court to ensure all Absentee ballots have a specific serial number that can be verified as a legitimate ballot, and the ballot shall have a watermark to ensure the authenticity of the ballot cast.

The Potter County Republican Party respectfully asks the Court to have the courage and honor to dispatch this request immediately so you, the Commissioners Court of Potter County, Texas, will be regarded as the courageous civic leaders who restored transparency, Accuracy, Accountability, and confidence to our election process.

This resolution was passed unanimously on the 2nd Day of October 2023 by the Potter County Republican Party Executive Committee.

Daniel L. Rogers, Chairman
Potter County Republican Party
4217 SW 21st Avenue
Amarillo, TX 79106
806-351-0884

CC: Alex Casias, Acting Secretary
Potter County Republican Party
4217 SW 21st Avenue
Amarillo, TX 79106

Despite assurances from three commissioners that they were on our local party's side, they all turned and chose to continue with the CWPP program, indicating they preferred "convenience" over accuracy and transparency. We were disappointed and will continue our efforts outside of our county. We are concerned that the commissioners who choose the computer voting devices may be selected by the vendors they pay with taxpayer funds. We hope that is not the case. The appearance of that alone should scream potential corruption and that we have a bad system in place.

Upon being turned down again to be able to run our primary the way my CEC requested, I asked the SOS through our local EA to allow me to have a manual roster so I could know who and how many people voted in our primary, and they refused to allow it. Upon being rejected for a manual roster, I asked to simply count the paper in the electronic receipt bags after the election to ensure the voters that the same number of printed receipts equaled the number of people the SOS showed as voting on the electronic poll books, and I was refused. I offered to manually count each receipt to check against the tally from the computer to verify the count, but I was refused. I have concerns that we have a system where the state will not let an election official, particularly one elected county-wide by the primary voters to be able to verify their electronic computer-generated results.

My concerns are simple. Under the current computer voting system, there is no ballot. There is no way the average person can verify the count of who voted or the count of the ballots, as it is all electronic and inaccessible except to the foreign entities that own the computers the SOS has put between voters and their vote. My county party wants a voting system that voters can have confidence in, one that is simple, transparent, and verifiable. A scannable, hand-marked, self-authenticated, tangible ballot at the precinct level on election day will instill confidence in our elections, elected officials, and government. Our "Ballots" are the foundation of our Republic. We have no foundation without actual tangible ballots that can be verified. Without ballots, our Republic will crumble. It's happening. It's not too late. We can fix it. So, let's do it!

Declarant further sayeth naught.

All rights reserved.

---

Signed and sworn before me, a Notary Public, Karen Schroeder, personally appeared before me and proved to me, based on satisfactory evidence, to be the man whose name is subscribed herein. In the State of Texas, County of Potter, I swear and affirm that on this day, July 31st, the above-named declarant, Daniel L. Rogers, personally appeared before me and, of his own free will, swore and signed before me this Declaration of Truth regarding issues with the Potter County Countywide Polling Place Program for the 2022 and 2024 Republican primary elections in the Great State of Texas. Under PENALTY OF PERJURY under the Laws of the State of Texas, I swear that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Daniel L. Rogers, Declarant

Karen Schroeder, Texas Notary

KAREN SCHROEDER
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 11/04/25
NOTARY ID 13343138-4

9