IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| UNITED SOVEREIGN AMERICANS, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> JANE NELSON, Secretary of the State of Texas, *et al.*, <br><br> Respondents. | Civil Action No. 2:24-CV-00184-Z |

**RESPONDENT MERRICK GARLAND'S REPLY BRIEF
IN SUPPORT OF HIS MOTION TO DISMISS**

Petitioners' response confirms that dismissal of their claims against the Federal Respondent is warranted. Petitioners are not able to overcome the jurisdictional and pleading issues raised in the Federal Respondent's motion to dismiss. The Court should dismiss Petitioner's claims against Federal Respondent accordingly.

None of Petitioners' arguments overcomes their lack of standing in this case. Petitioners cannot show that they suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the Attorney General, and that a favorable decision will likely redress that injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). As such, Petitioners lack standing and this Court does not have subject matter jurisdiction.

I.    **Petitioners fail to identify an injury-in-fact.**

First, Petitioners do not meet their burden to establish Article III standing for their claims against Federal Defendant. As Petitioners acknowledge, Article III standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See* ECF No. 37, at 7. Petitioners argue that Petitioner Johnson has suffered an injury because (1) he "risked being ineffective in targeting his campaign," due to alleged inaccurate voting registration indexes and (2) votes on his behalf in 2022 were diluted by votes cast by persons who were not eligible to vote. *See* ECF No. 37, at 9. The non-individual petitioners further argue that they have suffered injuries because CDF investigated and discovered uncounted ballots from the 2022 election, which affects members of its organization and the greater population of Texas, and that the alleged inaccuracies have impacted United's ability to carry out its mission for all registered voters to protect them against voter dilution and other voter inaccuracies. *Id*. at 9-10. None of these allegations are concrete or particularized enough to allege an injury-in-fact.

Petitioners cannot meet standing based on alleged work they put in to "comb through" voter data, contact State officials, and create a report on their findings. *See* ECF No. 37, at 11. Nor can they claim an injury based on choices that they made with respect to campaign strategy or based on a speculative risk that those choices were ineffective. *See* ECF No. 37, at 9. Petitioners' choices on how to spend their time do not constitute injury in fact; indeed, such allegations are quintessential examples of a plaintiff seeking to "manufacture standing" by choosing to expend resources in a certain way. *See, e.g., Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013); *FDA v. All. for Hippocratic*

*Med.*, 602 U.S. 367, 394 (2024).

Petitioners also claim to meet injury in fact based on their alleged fear that the "errors" they believe occurred in 2022 "will reoccur." *See* ECF No. 37, at 10. These allegations amount to nothing more than "speculative fear" of future injury, without any tangible connection to Federal Defendant. *See Clapper*, 568 U.S. at 410. Petitioners cannot meet standing through such vague, unsupported allegations.

As such, because Petitioners' allegations do not amount to injury in fact, they lack standing to sue Federal Defendant.

The authority Petitioners cite is inapposite given Petitioners' alleged harms. None of these cases provide that a plaintiff meets Article III standing to sue the U.S. Attorney General (or similar defendant) based on a fear that future election results will be inaccurate. For example, *Gray v. Sanders*, 372 U.S. 368, 375 (1963) concerned a constitutional challenge against Georgia election officials over vote counting and a weighted vote system. The Court found the plaintiff, a qualified voter, had standing as a "person whose right to vote is impaired" under the weighted vote system. *Id*. In *Federal Election Commission v. Akins*, 524 U.S. 11, 21 (1998), the plaintiffs were a group of voters who sought review of a decision by the Federal Election Commission, and brought suit under FECA, which specifically authorized a private action. The Court found the plaintiffs had prudential standing given FECA's language authorizing suit for "aggrieved" parties and the injury plaintiffs claimed. *Id*. at 19–20. In *Baker v. Carr*, 369 U.S. 186, 208 (1962), the plaintiffs were voters who challenged Tennessee's apportionment statute on the basis that the statute resulted in "a gross disproportion of

**Federal Respondent's Brief in Support of His Motion to Dismiss– Page 3**

representation to [the] voting population" based on counties of residence. Given these allegations, the Court found that plaintiffs had standing because they asserted a "plain, direct, and adequate interest in maintaining the effectiveness of their votes," not just a claim that "the government be administered according to law." *Id.* And *Massachusetts v. EPA*, 549 U.S. 497 (2007) did not concern voting rights; there, the plaintiff was Massachusetts, which alleged specific environmental harms from greenhouse gas emissions. *Id.* at 521–22. The Court found standing because the plaintiff was a sovereign state, not a private individual, so entitled to "special solicitude in [the] standing analysis." *Id.* at 518, 520. Thus, these cases do not support Petitioners' attempts to establish standing to sue Federal Defendant.

Last, Petitioners do not respond to Federal Defendant's arguments regarding causation and redressability, and have waived this argument. Even still, Petitioners' complaint does not satisfy either element, as their alleged harms do not relate to action (or inaction) by Federal Defendant, nor does this Court have authority to order Federal Defendant to perform discretionary duties. ECF No. 28, at 13–14. Because Petitioners cannot establish standing, their claims against Federal Defendant should be dismissed for lack of jurisdiction.

## II. Petitioners' mandamus claim should be dismissed for lack of jurisdiction.

Petitioners' mandamus claims also fail for lack of jurisdiction. Petitioners attempt to assert a mandamus claim based on the notion that Federal Defendant "has a duty to enforce and prosecute federal election laws. . . ." *See* ECF No. 37, at 6. As explained in the United States' opening brief, investigating and prosecuting are quintessential

discretionary decisions. *See United States v. Texas*, 599 U.S. 670, 675 (2023). As such, Petitioners Mandamus claims fail.

### III.     Petitioners cannot pursue their claims under the All Writs Act.

Petitioners admit that the All Writs Act "is the only remedy available to compel Respondent State and County Officials" to regulate the election process. *See* ECF No. 37, at 12-14. But the All Writs Act does not provide an independent source of jurisdiction, so Petitioners are not separately entitled to mandamus relief under it. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002) (noting "the All Writs Act does not confer jurisdiction under federal courts" so jurisdiction does not lie unless "specifically provide[d]" by Congress). Petitioners' claims under the All Writs Act should be dismissed accordingly.

### IV.     Conclusion

For these reasons, Federal Respondent respectfully requests the Court grant his motion and dismiss all claims against Merrick Garland, in his official capacity as Attorney General of the United States of America, for lack of standing.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Dawn Whalen Theiss*
DAWN WHALEN THEISS
Assistant United States Attorney
Texas Bar No. 24051755
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8600
Facsimile:   214-659-8807
Dawn.theiss@usdoj.gov

*Attorneys for Respondent Merrick Garland*

## CERTIFICATE OF SERVICE

On December 26, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Dawn Whalen Theiss*
DAWN WHALEN THEISS
Assistant United States Attorney