IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED SOVEREIGN AMERICANS, INC., *et al.*,

      Plaintiffs,

v.

JANE NELSON, *et al.*,

      Defendants.

2:24-CV-184-Z

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motions to Dismiss ("Motions") (ECF Nos. 11; 28), filed October 8, 2024, and November 19, 2024, respectively. Additionally, the Texas State Conference of the NAACP and the League of Women Voters of Texas filed a Motion to Intervene on October 9, 2024, seeking intervention as Defendants in this action (ECF No. 14). The Court **GRANTS** Defendants' Motions to Dismiss. The Court **DENIES** as **MOOT** the Texas State Conference of the NAACP's and the League of Women Voters of Texas's Motion to Intervene. The Court **GRANTS** Plaintiffs **LEAVE** to amend their Complaint **on or before January 28, 2025,** to correct or amend the deficiencies identified in this Order.

**BACKGROUND**

Plaintiffs are two nonprofit organizations and a former 2024 Libertarian Party candidate for Texas's 19th Congressional District. ECF No. 1. Plaintiff United Sovereign Americans, Inc., is a Missouri-based corporation focused on ensuring "all Unites [sic] States elections are fair, accurate, and trustworthy . . . for the benefit of all legally registered voters." ECF No. 22 at 11. Plaintiff Citizens Defending Freedom is a "Texas grassroots organization" that investigates Texas elections and represents "a group of Texas registered voters each expecting their vote to be properly counted and

1

weighted and fear that will not occur in 2024." *Id.* at 11, 15. Plaintiff Bernard Johnson is a "Texas voter and congressional candidate for Texas's 19th Congressional District." *Id.* Mr. Johnson did not prevail in the 2024 election. *See Texas Election Results*, TEX. ELECTION.COM (Nov. 26, 2024, 12:57 PM), https://results.texas-election.com/races [https://perma.cc/22JR-YMB6].

Plaintiffs argue that two federal statutes, the Help America Vote Act ("HAVA") and the National Voter Registration Act ("NVRA") only permit an "error rate" of one error per every 125,000 ballots cast and that states must remove the names of ineligible voters from the official voter registration lists. *See* ECF No. 1 at 7–10, 24–29; 52 U.S.C. § 20507 (NVRA); 52 U.S.C. § 21081 (HAVA). Plaintiffs calculate that federal law therefore permitted only 65 errors for the 2022 Texas election. ECF No. 1 at 41. But, as Plaintiffs calculate, the 2022 Texas election had 196,658 errors. *Id.* Plaintiffs fear that the 2024 election had a similar error rate and that future ones will as well. *Id.* at 6. Such alleged errors will harm the voting rights of "every voting citizen of the State." *Id.* at 11. Plaintiffs seek a writ of mandamus under the All Writs Act but admit the Federal Rules of Civil Procedure prohibit same. ECF No. 1 at 2 & n.1; 28 U.S.C. § 1361; FED. R. CIV. P. 81(b) ("The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules.").

Plaintiffs seek a writ of mandamus "compelling [Defendants] to ministerially correct the apparent errors evident from the 2022 elections data, ascertain to the Court's satisfaction the reasons why the 2022 errors occurred, and prevent those same or similar ministerial errors from recurring during the Texas 2024 General Election and all subsequent federal general elections to ensure the integrity of Texas' [sic] combined federal and state elections going forward for years to come." ECF No. 1 at 55. Additionally, Plaintiffs ask the Court to "order that the State of Texas' [sic] may not certify the 2024 General Election unless and until the relevant [Defendants] have demonstrated to the

2

Court that the 2024 General Election and subsequent elections were conducted in conformity with federal and state law and with fewer than the maximum errors permissible." *Id.* at 55–56. Defendants Jane Nelson and Ken Paxton filed their Motion to Dismiss on October 18, 2024. Defendant Merrick Garland filed his Motion to Dismiss on November 19, 2024.

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits courts to dismiss suits if the plaintiff fails to sufficiently allege the court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal courts have a limited jurisdiction; they can only exercise jurisdiction the Constitution and federal statutes specifically grant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Without jurisdiction, a court is wholly unable to adjudicate the case. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). A court presumes a case does not fall under its limited jurisdiction until a plaintiff shows otherwise. *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *Settlement Funding*, 851 F.3d at 537. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If the record lacks sufficient evidence to prove subject-matter jurisdiction, then there is no subject-matter jurisdiction. *Settlement Funding*, 851 F.3d at 537. A court may look to the complaint, undisputed facts in the record, and the court's resolution of disputed facts to determine a Rule 12(b)(1) motion. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

ANALYSIS

As an initial matter, Plaintiffs "concur that the claim against both Attorneys General should be dismissed." ECF No. 11 at 6 n.1. Accordingly, Attorney General Merrick Garland's Motion to

3

Dismiss is **GRANTED** per Plaintiffs' request. *See* ECF No. 22 at 6 n.1; *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[F]ailure to pursue [a] claim beyond [a] complaint constitute[s] abandonment."). Plaintiffs may not attempt to "resurrect the abandoned" claims. *Vela v. City of Hous.*, 276 F.3d 659, 678 (5th Cir. 2001) (quoting *Hargrave v. Fireboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983)).

Further, Plaintiffs have abandoned their previously claimed causes of action under the NVRA and HAVA. *Compare* ECF No. 22 at 17 ("Petitioners have *not* asserted a claim for relief specifically under HAVA, nor the NVRA." (emphasis in original)), *with* ECF No. 1 at 26 ("Petitioners bring here a private cause of action under NVRA"), *and id.* at 29 ("A private cause of action, as Petitioners assert here, exists for HAVA . . . ."). All that remains of this suit after Plaintiffs oddly excised these arguments and claims is a writ of mandamus request under the All Writs Act against Texas Secretary of State Jane Nelson. *See* ECF No. 25 at 1.

Plaintiffs ask the Court to order Secretary of State Nelson to act. They seek this Court's aid to command a state official to comply with HAVA and the NVRA through a writ of mandamus. Specifically, Plaintiffs ask the Court to order Secretary Nelson to do many things: ensuring the errors of 2022 are not repeated, investigating the 2022 elections, ensuring Texas's compliance with HAVA's claimed permissible error rates in voter registration, performing risk assessments, certifying every voting system element individually, ministerially correcting the apparent errors in the 2022 elections data, determining why the 2022 election errors occurred, and refusing to certify the 2024 elections until all this is done. *See generally* ECF No. 1. Thankfully, in Plaintiffs' mind, the "scope of Petitioners' *mandamus* request is narrow." *Id.* at 48 (emphasis in original). Given this wish list, how might Plaintiffs fashion a *broad* request?

4

The Court needn't learn the answer. The Federal Rules of Civil Procedure abolished the writ of mandamus for district courts. FED. R. CIV. P. 81(b) ("The writs of scire facias and mandamus are abolished."). But Congress does permit "district courts" to have "original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Congress has only granted original jurisdiction for mandamus-like remedies to district courts when sought against federal officials or employees. *See Smith v. Marvin*, 846 F. App'x 259, 260 (5th Cir. 2021) (mem.). However, Secretary of State Nelson is *not* a federal officer or employee. She is a Texas official and employee. Texas officials or employees are not subject to the mandamus power of a federal district court under this statute. *See* 28 U.S.C. § 1361. Federal district courts lack jurisdiction to command a state official to perform their duties at all, much less perform them to the satisfaction of Plaintiffs. *Moyle v. Clerk*, 474 F.2d 1275, 1276 (5th Cir. 1973 (per curiam) ("[A] federal court lacks the general power to issue writs of mandamus to direct state . . . officers in the performance of their duties where mandamus is the only relief sought."). Such requests lack merit and are "frivolous." *Demus v. Unknown Detective*, No. 3:24-CV-1575, 2024 WL 3585631, at *2 (N.D. Tex. July 12, 2024) (citing *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of a mandamus petition as frivolous because federal courts lack power to mandamus state officials in the performance of their duties)), *report and recommendation adopted by* 2024 WL 3585614 (July 30, 2024).

Plaintiffs aver that the All Writs Act authorizes this district court to issue a writ of mandamus. *See* 28 U.S.C. § 1651(a). The All Writs Act "is a residual source of authority to issue writs that are not otherwise covered by statute." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). But the All Writs Act only permits issuance of alternative writs when issued

"in aid of [the courts'] respective jurisdictions." *Id.* Yet, Plaintiffs do not claim or have disavowed all other grounds for jurisdiction. They cite 28 U.S.C. Section 1361 for jurisdiction to mandamus state officials. As shown, that will not do. Federal writs of mandamus may issue against state officials to enforce federal rights in extraordinary circumstances, but parties must bring an *action* with jurisdiction to enforce those federal rights with the writ of mandamus as the extraordinary *remedy*. *See State ex rel. Skaggs v. Brunner*, 588 F. Supp. 2d 828, 833 (S.D. Ohio 2008) (citing *CBS Inc. v. Young*, 522 F.2d 234 (6th Cir. 1975)). Plaintiffs say they are not suing under a NVRA cause of action or a hypothetical HAVA implied cause of action. That only leaves 28 U.S.C. Section 1361. If that fails, the All Writs Act is inapplicable and does not separately supply jurisdiction. *See Pa. Bureau of Corr.*, 474 U.S. at 43 (holding the All Writs Act only permits the issuance of writs "that are not otherwise covered by statute"); *see also Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("It is well settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. In the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it."). The All Writs Act only provides that writs are available "*in aid of*" existing jurisdiction. 28 U.S.C. § 1651(a) (emphasis added). Plaintiffs have failed to show or abandoned their claims for existing jurisdiction. Even more, because Plaintiffs' request for relief cannot be granted by this Court, they have failed to establish a crucial standing element. Their dubious injuries cannot be redressed by a favorable decision. *See Schwarzer v. Shanklin*, No. 4:18-CV-434, 2019 WL 1150756, at *3 (E.D. Tex. Mar. 13, 2019).

Plaintiffs, faced with these jurisdictional hurdles, protest that "nomenclature" does not matter. ECF No. 22 at 14. They argue that a writ of mandamus is basically just an injunction. In fact, they are "identical remedies" in the eyes of Plaintiffs. *Id.* Plaintiffs are indifferent to

terminology and taxonomy and ask this Court to issue a "writ of mandamus, an injunction, an 'Order of the Court,' or a combination of numbers and symbols invented by a computer to secure a password" for "it does not matter what it is called so long as it is issued by the court imposing a prospective remedy to stop an obvious problem." *Id.*

But nomenclature does matter. Plaintiffs themselves agree. They sued to obtain a writ of mandamus and even unearthed the federal statute purporting to give this Court jurisdiction to issue one. If Plaintiffs sought an injunction, they could and should have asked for one. They did not want an injunction as their Complaint makes clear. They "argue[d] that injunctive and/or declaratory relief [was] inapplicable." ECF No. 1 at 47, 53. And they disavowed it again when they argued for the NVRA claim they later abandoned, calling "injunctive relief . . . toothless." *Id.* at 25. Plaintiffs cannot disavow injunctive relief in one place but then claim the relief they ask for is injunctive in another.

Nomenclature matters because a writ of mandamus *is not* an injunction for a host of reasons — especially in the election context where a writ of mandamus can offer distinct advantages over injunctive relief if used properly in state court. *See* Derek T. Muller, *Election Subversion and the Writ of Mandamus*, 65 WM. & MARY L. REV. 327, 328, 365–74 (2023) (arguing for the "value of the existing remedy of mandamus to avoid election subversion" and highlighting its "unique strengths" over injunctive relief). True, courts have blurred the distinction before. *See, e.g., McCarthy v. Watt*, 89 F. Supp. 841, 842 (D. Mass. 1950); *Noem v. Haaland*, 542 F. Supp. 3d 898, 906 (D.S.D. 2021). But material distinctions persist: one is a legal remedy and one is equitable, they each operate in different contexts, serve different aims, and arise from different historical backgrounds, etc. *Duncan Townsite Co. v. Lane*, 245 U.S. 308, 311–12 (1917) (Brandeis, J.); *Fletcher v. Tuttle*, 37 N.E. 683, 688–89 (Ill. 1894) ("[I]njunction

and mandamus are not correlative remedies . . . [they] properly pertain to entirely different jurisdictions, and to different classes of proceedings . . . ."); JAMES LAMBERT HIGH, A TREATISE ON EXTRAORDINARY LEGAL REMEDIES, EMBRACING MANDAMUS, QUO WARRANTO AND PROHIBITION 10–11 (2d ed., Chicago, Callaghan & Co. 1884) (explaining the differences between injunctions and mandamus). Even had Plaintiffs requested an injunction, it would not remedy their failure to prove this Court's jurisdiction over this case.

Plaintiffs sued to obtain a writ of mandamus but invoked a jurisdictional statute that could not grant jurisdiction and disavowed one that may have. Without an underlying cause of action that the court has jurisdiction over, this Court cannot issue a writ of mandamus — no matter Plaintiffs' preferred terminology.

CONCLUSION

Accordingly, the Motions to Dismiss are **GRANTED**. The Motion to Intervene is **DENIED** as **MOOT**. Plaintiffs are **GRANTED LEAVE** to amend their Complaint within 14 days of this Order to attempt to allege jurisdiction.

**SO ORDERED.**

January 15, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE